IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

MARCUS LEE BROWN,

    Plaintiff

v.                                                                         4:19-cv-00053

SHAUN GREENE, *and*

COFFEE COUNTY, TENNESSEE,

    Defendants

___

## COMPLAINT
___

The Plaintiff, Marcus Lee Brown, brings suit against the Defendants as follows:

1) This is a civil rights complaint arising under 42 U.S.C. § 1983, charging excessive force against a Sheriff's deputy during an arrest.

## THE PARTIES

2) Plaintiff MARCUS LEE BROWN is a private citizen who, during the incident in question, was suspected of crimes — most notably, Theft of a Vehicle and Evading Arrest.

3) The Coffee County Sheriff's Department is run by COFFEE COUNTY, TENNESSEE, a political subdivision of Tennessee. That county is named as a Defendant.

4) The other Defendant, SHAUN GREENE, is a deputy of the Coffee County Sheriff's Department. He is being sued individually.

1

## FACTUAL BACKGROUND

5) On August 06, 2018, Plaintiff MARCUS BROWN was driving a vehicle that had been reported stolen, but which apparently contained a GPS device allowing it to be tracked. An hour or two after the vehicle was taken, a Tennessee state trooper came upon him. The trooper then signaled to him that he should stop. Mr. BROWN declined to stop.

6) Instead, Mr. BROWN evaded law enforcement by continuing to drive for about ten minutes.

7) After about ten minutes, eventually the encounter came to an end when Mr. BROWN drove onto a cow pasture, where he was cornered by law enforcement, leaving him with no where to go.

8) Right after the suspect was blocked in, the trooper who had been chasing him fired his gun at Mr. BROWN. Both men were still in their vehicles. The single bullet passed through both windshields, missing Mr. BROWN.

9) Immediately upon being shot at, Mr. BROWN realized the seriousness of the situation. He surrendered, and he submitted to law enforcement.

10) The same trooper quickly saw to it that Mr. BROWN was handcuffed. After the suspect was handcuffed, the trooper walked away, leaving the suspect to be arrested by the Coffee County Sheriff's deputies who were on the scene.

11) At this point, Coffee County Sheriff's Deputy SHAUN GREENE began tazing Mr. BROWN repeatedly.

12) Mr. BROWN was already handcuffed while he was being tazed. He was also lying on the ground, face down.

13) While handcuffed, Mr. BROWN was non-resistant.

14) The purpose of tazing this handcuffed, non-resistant inmate was to punish him without due process.

15). In doing so, Defendant GREENE intentionally and maliciously violated the suspect's constitutional rights.

16) As a result of the excessive force, Mr. BROWN has experienced pain and suffering and emotional distress.

17) Upon information and belief, Deputy GREENE never filed any use-of-force report for the incident (or any other reports about his involvement).

18) During the incident, Deputy GREENE was acting under color of law.

19) Upon information and belief, Deputy GREENE was never disciplined.

20) The reason he was never disciplined is because COFFEE COUNTY condoned of such lawless assaults against criminal suspects, in order to teach these people a lesson before they got to court.

## OTHER KNOWN INCIDENTS OF FAILURE TO INVESTIGATE AND DISCIPLINE

21) COFFEE COUNTY has exhibited a widespread pattern of failing to investigate complaints of excessive force and failing to discipline its officers for such misconduct.

22) For example, following several substantial uses of force by deputies against non-resistant inmates at the Coffee County Jail on September 29, 2015 (much of it caught on video), jail inmate Blake Cretacci filed a grievance complaining about violations of the prisoners' rights.

23) The complaint was not investigated.

24) In another incident, following a use of force against an elderly jail inmate named Doug Christian on October 05, 2016, the force of which allegedly injured his shoulder, the inmate filed a grievance complaining of excessive force.

25) That complaint was not investigated.

26) Following a use of force in December 2016 against an inmate named Matthew Butler, inmate Butler complained that the guards had tased him while he was handcuffed.

27) That complaint was not investigated.

28) Following another use of force against inmate Cretacci on January 14, 2017 — this time involving the use of riot-control weapons against multiple inmates who were non-resistant — inmate Cretacci again filed a grievance.

29) That complaint was not investigated.

30) Following a use of force on February 07, 2017 against an inmate named Jeremiah Allsopp — wherein the inmate was lifted up off the ground by his throat and then slammed into a wall by a guard (the same guard accused in the January 14, 2017 incident) — the inmate filed multiple grievances complaining about being assaulted by law enforcement officers.

31) These complaints were not investigated.

32) Following a use of force on March 05, 2017 wherein a deputy slammed a metal door onto the arm of a jail inmate named Michael Rose, the inmate complained about the assault.

33) The complaint was not investigated.

34) Following a use of force on March 28, 2017 wherein two jail guards beat up inmate Rose within his cell, the inmate filed a grievance complaining about the assault. Also, inmate Christian filed a grievance on his behalf.

4

35) Both complaints were not investigated.

36) Following a use of force on August 29, 2017 wherein a guard (one of the same guards from the March 28, 2017 incident) grabbed inmate Allsopp from behind, by the neck, and slammed him onto the concrete floor for no apparent reason, inmate Allsopp filed multiple grievances complaining about the assault. This incident was fully captured on video.

37) The complaints were not investigated. Shortly afterward, the guard was promoted.

38) On January 13, 2018, a Sheriff's deputy named Cody Foust (the same deputy from the incidents on January 14, 2017 and February 07, 2017) was found to have tazed a handcuffed jail inmate. Records show that the Sheriff himself was notified about this tazing incident.

39) The Jail Operations Captain actually recommended firing this problem deputy — partly because of the tasing, and also partly because the deputy had experienced "problems" with a commanding officer. But in spite of the recommendation, the Sheriff's Department only punished the deputy by deducting twenty-four hours of his pay, taking away his "privileges" to ride with the Sheriff's Department Patrol Division, and implementing other work schedule changes.

## CLAIM FOR RELIEF

### COUNT 1 — 42 U.S.C. § 1983
### EXCESSIVE FORCE

40) All the other sections are incorporated by reference.

41) By tazing a handcuffed, nonresistant suspect, Defendant GREENE used excessive force against the Plaintiff. Specifically, he violated the Plaintiff's Fourth Amendment right to be free of unreasonable seizures. He violated this right under color of law.

42) The government of COFFEE COUNTY, TENNESSEE is also liable for this misconduct, because the Sheriff's Department has implemented an unofficial policy of condoning excessive force, and of failing to investigate complaints of excessive force. Altogether, COFFEE COUNTY has failed to adequately train and supervise its deputies to prevent excessive force. Instead, it has shown deliberate indifference to the violations.

## JURISDICTION

43) Federal subject-matter jurisdiction is proper because this lawsuit relies on 42 U.S.C. § 1983, and thereby involves a federal question.

44) Personal jurisdiction here is proper because both the Defendants are citizens of Tennessee, or else have sufficient personal contacts with this state that traditional notions of fair play do allow for jurisdiction in Tennessee.

45) Venue lies in the Eastern District of Tennessee (Winchester Division), because the incident occurred in Coffee County, Tennessee, which lies in the Eastern District.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff Marcus Brown prays for the following:

i) Nominal, compensatory, and punitive damages adding up to $75,000 — with the punitive damages being sought only from Defendant Greene, *and*

ii) Reasonable attorney's fees, per 42 U.S.C. § 1988.

Respectfully submitted,

/s/ Drew Justice
Drew Justice BPR #29247
Attorney for Marcus Brown
1902 Cypress Drive
Murfreesboro, TN 37130
(615) 419-4994
drew@justicelawoffice.com
